IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:21-CV-109

**ERIKA M. HARRIS,**

        Plaintiff,

vs.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**

        Defendant.

# COMPLAINT

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA"), to recover benefits due under an employee welfare benefit plan and to recover costs, attorneys' fees, and interest as provided by ERISA.

PARTIES

2. Plaintiff, Erika M. Harris, is a citizen and resident of Charlotte, Mecklenburg County, North Carolina.

3. Defendant, Hartford Life and Accident Insurance Company (hereinafter "Hartford"), is a properly organized insurance company authorized to do business in the State of North Carolina, and does substantial business in Mecklenburg County.

4. At all times relevant to this action, Hartford provided insured short-term ("STD") and long-term ("LTD") disability benefits pursuant to group insurance policies

issued to Novant Health, Inc. ("the Policies").

5. Hartford serves as the claims administrator and fiduciary in handling all aspects of disability benefit claims made by insured beneficiaries under the Policies, including the Plaintiff in this action.

6. Defendant has a fiduciary obligation to Plaintiff to administer the Policies fairly and impartially, for the exclusive benefit of beneficiaries such as Plaintiff, and in handling all aspects of benefit claims made by beneficiaries under the Policies, including the Plaintiff in this action.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA, as allowed by 29 U.S.C. § 1132.

8. Venue in the Western District of North Carolina is appropriate by virtue of Plaintiff's residence in this district and Defendant's doing business in this district.

## FACTUAL ALLEGATIONS

**A. Background.**

9. At all times relevant to this action, Plaintiff has been a covered beneficiary under group STD (Policy No. GRH-043019) (the "STD Policy") and LTD (Policy No. GLT-043019) (the "LTD Policy") benefit policies issued by Hartford to Novant Health, Inc. ("Novant").

10. Plaintiff worked as a Registered Nurse Coach for Novant prior to her

2

Case 3:21-cv-00109-RJC-DCK   Document 1   Filed 03/17/21   Page 2 of 9

disability onset, where she provided coordination of care services amongst various providers, including physicians, mid-level providers, staff, and other health care professionals. Plaintiff's responsibilities included, but were not limited to, assisting, developing, and coordinating a wide range of self-management support, chronic-care management, and acute triage for Novant patients.

11. The demands of Plaintiff's profession required not only that she be professionally trained, qualified, experienced, and detail-oriented, but also that she handle high pressure, high demand situations, comprehend and apply complex information, and concentrate for prolonged periods of time. Plaintiff's job also required that she be capable of multi-tasking in stressful situations, as she was frequently tasked with simultaneously managing numerous patients with multiple conditions, symptoms, concerns, and treatments at the same time, some of which were dealing with emergency situations.

12. The STD Policy provides STD benefits to beneficiaries who meet the Policy definition of "total disability" or "totally disabled," as follows:

*Total Disability or Totally Disabled means You are prevented by:*
  1. *Injury;*
  2. *Sickness;*
  3. *Mental Illness;*
  4. *Substance Abuse; or*
  5. *Pregnancy;*

*From performing the Essential Duties of the Occupation for the Employer, and as a result, You are earning less than 20% of Your Pre-disability Earnings.*

13. The STD Policy defines "Essential Duty" as follows:

*Essential Duty means a duty that:*
  1. *is substantial, not incidental;*
  2. *is fundamental or inherent to the occupation; and*

3

>    3. cannot be reasonably omitted or changed.
>
> *Your ability to work the number of hours in Your regularly scheduled work week is an Essential Duty.*

14. The LTD Policy provides LTD benefits to beneficiaries who meet the Policy definition of "disability" or "disabled," as follows:

> *Disability or Disabled means You are prevented from performing one or more of the Essential Duties of:*
> 1. *Your Occupation during the Elimination Period;*
> 2. *Your Occupation for the 24 month(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-Disability Earnings; and*
> 3. *after that, Any Occupation.*

15. The LTD Policy defines "Essential Duty" as follows:

> *Essential Duty means a duty that:*
> 1. *is substantial, not incidental;*
> 2. *is fundamental or inherent to the occupation; and*
> 3. *cannot be reasonably omitted or changed.*
>
> *Your ability to work the number of hours in Your regularly scheduled work week is an Essential Duty.*

16. Plaintiff was forced to stop working on or about July 23, 2018 due to symptoms attributable to multiple sclerosis, including increasingly severe levels of fatigue, reflex slowness, memory impairment, blurred vision, muscular weakness and pain, muscle spasms, headaches, nausea, and dizziness.

   **B.    STD Claim.**

17. As a result of her numerous and severe disabling conditions, Plaintiff is unable to perform the essential duties of her occupation, and as a result, she is earning less than 20% of her pre-disability earnings.

18. Plaintiff timely submitted a claim for STD benefits.

19. By letter dated October 29, 2018, Hartford denied Plaintiff's claim for STD benefits.

20. Plaintiff timely appealed the denial of her claim for STD benefits by letter dated April 25, 2019, submitting argument and supporting documentation including a functional capacity evaluation, as well as updated medical records.

21. By letter dated June 4, 2019, Hartford provided Plaintiff with an "Independent Medical Review."

22. Plaintiff responded to Hartford's Independent Medical Review by letter dated June 25, 2019, submitting updated medical records.

23. By letter dated July 3, 2019, Hartford provided Plaintiff with an addendum to the Independent Medical Review.

24. Plaintiff responded to Hartford's addendum to the Independent Medical Review by letter dated July 15, 2019, submitting updated medical records as well as a letter prepared by Plaintiff's treating neurologist provided in support of her claim for disability benefits.

25. By letter dated July 29, 2019, Hartford provided Plaintiff with another addendum to the Independent Medical Review.

26. By letter dated August 7, 2019, Defendant upheld its decision to deny Plaintiff's claim for STD benefits.

27. Plaintiff now has exhausted her administrative remedies, and her STD claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

### C. LTD Claim.

28. As a result of her severe disabling condition and accompanying symptoms, Plaintiff is unable to perform one or more of the essential duties of her occupation, and as a result, she is earning less than 80% of her indexed pre-disability earnings.

29. As a result of her severe disabling condition and accompanying symptoms, Plaintiff is unable to perform one or more of the essential duties of any occupation.

30. Plaintiff timely submitted a claim for LTD benefits.

31. As part of her claim for LTD benefits, Plaintiff submitted her April 25, 2019 STD appeal letter and supporting documentation to Hartford's LTD claim department.

32. By letter dated August 7, 2019, Hartford notified Plaintiff that because it determined that she "would not meet the definition of Disability throughout and beyond the Elimination period" that it would not consider Plaintiff's LTD benefit claim.

33. Hartford's August 7, 2019 letter failed to provide any administrative appeal rights related to Plaintiff's claim for LTD benefits and instead stated, "Please be advised that our claim decision is now final as administrative remedies available under the Policy have been exhausted."

34. Plaintiff now has exhausted her administrative remedies, and her LTD claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## FIRST CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

35. Defendant has wrongfully denied STD and LTD benefits to Plaintiff in

violation of the Policies, Plans, and ERISA for the following reasons:

  a. Plaintiff is disabled, as defined by the STD benefits Policy and Plan, in that as a result of her disability, she is unable to perform the essential duties of her occupation, and as a result, she is earning less than 20% of her pre-disability earnings;

  b. Plaintiff is disabled, as defined by the LTD benefits Policy and Plan, in that as a result of her disability, she is unable to perform one or more of the essential duties of her occupation, and as a result, she is earning less than 80% of her indexed pre-disability earnings;

  c. Plaintiff is disabled, as defined by the LTD benefits Policy and Plan, in that as a result of her disability, she is unable to perform one or more of the essential duties of any occupation;

  d. Defendant failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is disabled, by ignoring credible evidence that Plaintiff is unable to perform the essential duties of her occupation, and is unable to perform one or more of the essential duties of her own and of any occupation;

  e. Defendant's interpretation of the definition of "Total Disability," "Totally Disabled," "Disability," or "Disabled" contained in the Policies and Plans is contrary to plain language of the Policies and Plans and unreasonable;

  f. Defendant has attempted to evade the impact of Plaintiff's condition and the severe functional limitations on her ability to perform the essential duties

of her occupation, and on her ability to perform one or more of the essential duties of her own and of any occupation;

g. Defendant has wrongfully denied Plaintiff a full, fair, and impartial review of her benefits by refusing to consider her LTD claim, failing to provide for a review that takes into account all comments, documents, records, and other information submitted by Plaintiff relating to the claim, and by ignoring the weight and credibility of evidence submitted, looking for less credible evidence of marginal significance to support its goal of denying her benefits claim; and

h. Defendant has violated its contractual obligation to furnish STD and LTD benefits to Plaintiff.

**WHEREFORE**, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that she is entitled to STD benefits under the terms of the STD Policy, and that Defendant be ordered to pay STD benefits;

2. Grant Plaintiff declaratory and injunctive relief, finding that she is entitled to LTD benefits under the terms of the LTD Policy, and that Defendant be ordered to pay LTD benefits, and all other related benefits, until such time as Plaintiff reaches age 67 or is no longer disabled;

3. Award pre-judgment interest at a rate of at least the North Carolina state rate of 8%;

4. Enter an Order awarding Plaintiff all reasonable attorney fees and expenses

incurred as a result of Defendant's wrongful denial of benefits; and

5. Enter an award for such other relief as may be just and appropriate.

This the 17th day of March, 2021.

/s/Caitlin H. Walton
CAITLIN H. WALTON
N.C. Bar No. 49246
cwalton@essexrichards.com
**ESSEX RICHARDS, P.A.**
1701 South Boulevard
Charlotte, NC 28203-4727
Ph (704) 377-4300
Fax (704) 372-1357

*Attorney for Plaintiff*